UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN & OUT WELDERS, INC | CIVIL ACTION NO. 16-86-JWD-RLB |
| VERSUS | |
| H&E EQUIPMENT SERVICES, INC. AND H&E EQUIPMENT EXCHANGE, LLC | JUDGE JOHN W. deGRAVELLES |

### RULING AND ORDER

Before this Court is Defendants' Motion to Dismiss (**Doc. 32**) Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds of *res judicata*. Plaintiff opposes the motion (**Doc. 39**) and Defendants have filed a reply. (**Doc. 45.**) Oral argument is not necessary.

After carefully considered the law, facts, and arguments of the parties, Defendants' motion is **DENIED**.

I.  Relevant Factual Background

A.  Introduction

On October 5, 2015, In & Out Welders, Inc. ("Plaintiff" or "In & Out") brought this class action lawsuit (the "In & Out Suit") against H&E Equipment Services, Inc. and H&E Equipment Exchange, LLC's (collectively "Defendants" or "H&E") claiming that the Loss Damage Waivers[1] ("LDW") and Environmental Charges contained in the Defendants' equipment rental contracts constitute a breach of contract, are a violation of the duty of good faith and fair dealing, and violate

---

[1] Defendants refer to Loss Damage Waivers as Physical Damage Waivers in their contracts (Doc. 32-2 at 3) and as Loss Damage Waivers in their invoices. (Doc. 32-2 at 9 –25.) Defendants seemingly use the terms interchangeably.

1

Texas' and Florida's deceptive trade practices statutes. On March 8, 2016, Defendants filed a Motion to Dismiss seeking dismissal of Plaintiff's claims.

H&E Equipment Services, Inc. is a Delaware corporation; its general nature and purpose is to provide heavy construction and industrial equipment rentals, new equipment sales, used equipment sales, parts sales, and maintenance and repair services in various locations in twenty-two states. (Docs. 1 at 1, 28, 11 at 1.) H&E Equipment Exchange, LLC is a Colorado limited liability company and is a subsidiary of H&E Equipment Services, Inc. (Doc. 11 at 2; 1 at 5)

H&E charges a rental rate established in a standard rental contract. (Doc. 32-2 at 2.) In addition to the rental rate, H&E also charges two types of fees which are challenged in this case: Loss Damage Waivers, also known as Physical Damage Waivers (both hereafter referred to as "LDW"), and Environmental Charges. The purpose of the LDW charge is to waive the cost to customers if the rented equipment is damaged or stolen while in the customer's possession. (Doc. 32-2 at 3.) The amount charged for the LDW is 15% of the gross rental charge. (*Id.* at 2.) Customers can opt out of the LDW charge if they provide proof of insurance before the equipment is delivered to the customer. (*Id.* at 3.) H&E charges customers an Environmental Charge on a form, pre-printed invoice. The Environmental Charges serve to combat any environmental expenses related to renting the equipment. (Doc. 1 at 13—15.)

### B. Plaintiff's Allegations

Plaintiff is a customer that has entered into numerous equipment rental contracts with Defendants across several states, including Alabama, Texas, and Florida. (Doc. 1 at 1.) Plaintiff claims that Defendants charge customers an excessive, deceptive, unfair, and commercially unreasonable LDW. (Doc. 1 at 11, 13.) Plaintiff alleges that the LDW provides little to no actual coverage and is excessive in relation to the benefit it provides. (Doc. 1 at 12.) Plaintiff alleges that

even though customers pay for the LDW, Defendants force customers to claim damage or theft of equipment on those customers' own insurance. (Doc. 1 at 12.) Plaintiff argues that although Defendants operate as an insurance company (Doc. 1 at 13), they claim that the LDW is not insurance, thus allowing them to charge more for LDW and fraudulently avoid state regulations. (Doc. 1 at 12.)

Plaintiff also alleges that Defendants automatically charge customers an unfair and deceptive Environmental Charge. (Doc. 1 at 13—14.) Plaintiff asserts that Defendants did not design or intend the Environmental Charge to offset environmental costs, but rather to act as a hidden price increase, which violates the governing contract. (Doc. 1 at 14.) Additionally, Plaintiff claims that Defendants have failed to disclose material facts regarding the Environmental Charge that they were under a duty to disclose. (Doc. 1 at 15.)

Plaintiff asserts that by charging excessive, deceptive, and unlawful LDW and Environmental Charges, Defendants have charged customers more for services than the amounts agreed upon in the contracts. (Doc. 1 at 15-16.) By charging more for services than the agreed upon amounts, Plaintiff claims Defendants have breached the contracts and the duty of good faith and fair dealing. (Doc. 1 at 16-17.) Additionally, Plaintiff claims that Defendants have violated Florida's Deceptive and Unfair Trade Practices Act and Texas' Deceptive Trade Practices-Consumer Protection Act. (Doc. 1 at 3.) Plaintiff seeks compensatory damages, treble damages, attorney's fees, injunctive relief, restitution, and all other relief which the Court or jury find proper. (Doc. 1 at 21.)

### B.  State Court Collection Suit

On December 2, 2015, H&E Equipment Services, Inc. filed suit against Plaintiff in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana, seeking to collect

unpaid rental amounts allegedly owed by the Plaintiff that were incurred under several rental contracts the parties entered between June 10, 2015 through September 1, 2015 (the "Collection Suit"). (Doc. 32-2.) In the Collection Suit, Defendant alleged that the Plaintiff failed to pay $27,154.07 on twelve unpaid invoices and owed a $2,500 physical damage waiver "PDW" under the contracts. (*Id*. at 5.)

On January 21, 2016, Plaintiff made an offer of judgment to Defendant to settle the Collection Suit pursuant to Louisiana Code of Civil Procedure article 970.[2] (Doc. 32-6 at 4.) Plaintiff's written offer of judgment was to settle the Collection Suit for $26,798.08. (*Id*.) The amount offered represented the total of all the past due invoices in the petition and the $2,500 deductible, but it expressly excluded the fees associated with the LDWs and environmental charges. (*Id*.)

Defendant sent written notice of acceptance to Plaintiff on January 29, 2016, and enclosed a proposed Judgment on the offer of judgment. (Doc. 32-6 at 5, 6.) Plaintiff consented to the proposed Judgment on February 4, 2016. (*Id*. at 7.) On February 8, 2016, the Nineteenth Judicial District Court for East Baton Rouge Parish entered Judgment in favor of Defendant in the amount of $26,798.08, and dismissed the Collection Suit with prejudice. (Doc. 32-7.)

### C. Present Motion

---

[2] Louisiana Code of Civil Procedure art. 970 reads in relevant part:
> A. At any time more than twenty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.

Defendants now move for dismissal of the case at bar (the In & Out Suit) pursuant to Rule 12(b)(6) on the grounds of *res judicata*. (Doc. 32.)

Defendants contend that under La. Code Civ. Proc. art. 970, the Judgment in the Collection Suit is dispositive of all claims between the parties. (Doc. 32-1 at 4—5.) Defendants argue that Article 970 requires that an offer of judgment be made to settle "all of the claims between [the parties]." (Doc. 32-1 at 5.) Defendants further argue that the Louisiana Court of Appeal for the Third Circuit has stated, "an 'offer of judgment' once made, must be accepted/rejected as made." *Abushanab v. St. Charles Gaming Co.,* 2012-155 (La. App. 3 Cir. 11/7/12); 103 So. 3d 1197, 1203.

Defendants maintain that the Judgment in the Collection Suit has the effect of *res judicata* on Plaintiff's claims in the instant suit. (Doc. 32-1 at 8.) Defendants argue that under La. Code Civ. Proc. arts. 531 and 532,[3] the first final judgment rendered between parallel actions is given full *res judicata* effect. (*Id*. at 8.) Defendants assert that the Judgment in the H&E Collection Suit is the first final judgment rendered, thus, it has the effect of *res judicata* on Plaintiff's claims in the instant case. (*Id*. at 5.)

Defendants urges that all of the elements of *res judicata* under Louisiana law are satisfied. (*Id.* at 12.) Defendants argue that the Judgment in the Collection Suit is valid, final and non-appealable. (*Id.* at 13.) Defendants assert that the Collection Suit and the instant suit are between the same parties in their same capacities. (*Id.* at 14.) They claim that the causes of action in the In & Out Suit existed at the time of the Judgment in the Collection Suit. (*Id.* at 15.) Finally,

---

[3] La. Code Civ. Proc. art. 531 reads: "When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all."
   Article 532 reads: "When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered."

Defendants argue that because the Collection Suit and In & Out Suit are both based on breach of the rental contracts, the suits arise from the "same transaction or occurrence." (*Id.*)

Plaintiff counters each of Defendants' arguments at length. First, Plaintiff contends that the Complaint meets each and every pleading requirement needed to survive Defendants' Rule 12(b)(6) Motion to Dismiss. (Doc. 39-1 at 4.) Plaintiff asserts that taking the allegations contained in the well pleaded Complaint as true and ignoring all factual disputes at this stage, the controlling law requires that Defendants' Motion be denied as there clearly exists plausible grounds for relief on the face of the Complaint. (*Id.*)

Plaintiff contends that Defendants have improperly raised *res judicata* in their Motion to Dismiss. (*Id.* at 5.) Citing this Court's recent decision, Plaintiff argues that "*res judicata* is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." (*Id.* (quoting *Pike v. Office of Alcohol & Tobacco Control of the La. Dep't of Revenue,* 157 F. Supp. 3d 523, 530 at *5 (M.D. La. 2015) (quoting *Test Masters Educ. Servs. Inc., v. Singh*, 428 F.3d at 570 n. 2 (5th Cir. 2005)).)

Plaintiff argues that an exception to *res judicata* applies. (Doc. 39-1 at 6.) Plaintiff asserts that the exceptional circumstances exception found in La. Rev. Stat. 13:4232 "gives a court the authority to exercise its equitable discretion to balance the principle of *res judicata* with the interests of justice under exceptional circumstances." (*Id.* at 7 (quoting *Siemen Water Techs. Corp. v. Revo Water Sys., LLC*, 13-631(La. App. 3 Cir. 1/8/14); 130 So. 3d 473, 476 (quoting *Brouillard v. Aetna Cas. & Sur. Co.*, 94-1559 (La. App. 3 Cir. 5/10/95); 657 So.2d 231, 233).) Plaintiff argues that Defendants created a "convoluted factual or legal scenario [that] could qualify as exceptional circumstances which justify the application of the exception." (Doc. 39-1 at 7.) Plaintiff further argues that the third exception found in La. Rev. Stat. 13:4232 also applies because Plaintiff

6

expressly reserved its right to continue the instant suit and adjudicate the LDW and Environmental Charges. (*Id.* at 8.) Plaintiff asserts that the offer of judgment in the Collection suit for $26,798.08 represented "the total of all invoices in the petition, less the loss damage waiver (physical damage waiver) and environmental fees." (*Id.*; Doc. 32-6 at 4.)

Plaintiff alleges that Defendants' argument that the law requires that "an 'offer of judgment' once made, must be accepted/rejected as made" supports Plaintiff's position. (Doc. 39-1 at 9 (*citing Abushanab,* 103 So. 3d at 1203).) Plaintiff contends that its offer of judgment offered to pay the allegedly overdue rental rates but expressly reserved the right to continue litigating the LDW and Environmental Charges. (Doc. 39-1 at 9.) It argues that Defendants had to accept In & Out's conditioned offer of judgment as offered, and that by Defendants accepting its offer of judgment, they implicitly accepted that the instant suit would continue. (*Id.*)

Finally, Plaintiff contends that the elements of *res judicata* set forth in La. Rev. Stat. 13:4231 are not met. (*Id.* at 5—6.) It argues that the plain language of La. Rev. Stat. 13:4231 (2) requires a final judgment arising out of the transaction or occurrence that is the "subject matter of the litigation and specifically those causes of action." (*Id.* at 6.) Plaintiff contends that the instant suit concerns matters outside of the "transaction or occurrence" settled in the Collection Suit. (*Id.* at 10.) Plaintiff argues that the instant case concerns more than 76 transactions over a time period of approximately six years in Alabama, Texas, and Florida. (*Id.* at 10.) Plaintiff asserts that the Collection Suit concerns only eight disputed transactions that occurred in Texas and Tennessee from June 26, 2015, through September 1, 2015. (*Id.* at 10.) Plaintiff further argues that the transactions and occurrences at issue in the instant suit are broader in time and scope than those which were adjudicated in the Collection Suit. (*Id.* at 10.) Additionally, Plaintiff argues the legality

7

of the LDW and Environmental Charges were not "actually litigated," therefore La. Rev. Stat. 13:4231(3) does not apply. (*Id.* at 6.)

In their Reply, Defendants argue that the Fifth Circuit has held that a "motion [to dismiss] may be taken to raise the plea of *res judicata*." (Doc. 45 at 2 (quoting *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981) (internal citation omitted).) Defendants claim that this Court may rule on their motion to dismiss on grounds of *res judicata* because the parties have fully briefed the issue and the record contains everything the Court needs to rule, including the state court complaint and the state court's final judgment. (Doc. 45 at 2.) In the alternative, Defendants note that this Court may treat the instant motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 56(f). (*Id.* at 2.) Defendants maintain their argument that Plaintiff's claims are barred by *res judicata* (*Id.* at 3), and they also argue that no exception to *res judicata* applies here. (*Id.* at 5—8.)

**II.     Analysis**

Defendants seek to dismiss Plaintiff's claims arguing that they are barred by *res judicata*. However, as an initial procedural matter, the Court must determine whether Defendants have properly brought their *res judicata* argument under Rule 12(b)(6).

*Res judicata* is an affirmative defense. Fed. R. Civ. P. 8(c). The Fifth Circuit has held, "[g]enerally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters*, 428 F.3d at 570 n. 2; *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *but see* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 721, 728 (3d ed. 2004) ("... affirmative defenses that have been considered on a motion to dismiss under Rule 12(b)(6) include ... the barring effect of res judicata and related preclusion principles", citing numerous decisions). The Fifth Circuit has further noted

that "[r]*es judicata* is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 664 n. 1 (5th Cir. 2004) (unpub'd) (citing *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 n. 3 (5th Cir.1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."); *see also Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986) (noting that Rule 12(b)(6) only applies to affirmative defenses that appear on the face of the plaintiff's complaint). As outlined below, the Fifth Circuit and the district courts in this circuit have noted certain instances where *res judicata* may be considered in the context of a Rule 12(b)(6) motion.

First, dismissal on the grounds of "*res judicata* is permitted in the interest of judicial economy where both actions were brought before the same court." *Bernard v. Lafayette Consol. Gov't*, No. 13-2339, 2013 WL 6662513, at *7 (W.D. La. Dec. 17, 2013) (citing *Mowbray v. Cameron Cty., Tex.*, 274 F.3d at 281; *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir.1980)). It has been established that the Defendants in this lawsuit brought a separate lawsuit in state court in Louisiana but it has not been shown that a similar lawsuit was brought in this forum. Therefore, the first exception does not apply.

Second, dismissal on the grounds of *res judicata* is permitted when all relevant facts are set forth in the record and they are all uncontroverted. *Bernard*, 2013 WL 6662513, at *7 (citing *Mowbray*, 274 F.3d at 281; *Am. Furniture,* 721 F.2d at 482); *Clifton v. Warnaco, Inc.*, 53 F.3d 1280, at *6 n. 13 (5th Cir.1995) (per curiam) (unpub'd) (internal citations omitted). Alternatively stated, if all of the elements of *res judicata* are apparent on the face of the pleading, dismissal under Rule 12(b)(6) may be appropriate. *Bernard*, 2013 WL 6662513, at *7 (citing *Dean v. Miss. Bd. of Bar Admissions*, 394 Fed. App'x 172, 175 (5th Cir. 2010)); *Murry v. Gen. Servs. Admin.*,

9

553 Fed. App'x 362, 364 (5th Cir. 2014) (*see Kan. Reinsurance Co. v. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). Although district courts primarily look to the allegations found in the complaint in determining whether to grant a Rule 12(b)(6) motion, there are other sources the courts may consider. *Meyers v. Textron, Inc.*, 540 Fed. App'x 408, 409 (5th Cir. 2013) (unpub'd) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007)). For example, district courts may consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers,* 540 Fed. App'x at 409 (citing *Tellabs*, 551 U.S. at 322); 5B Wright & Miller, Federal Practice and Procedure § 1357 at 721, 728; *see Bernard*, 2013 WL 6662513, at *7 (citing *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) ("[t]he district court is permitted to take judicial notice of public records such as prior judgments.")).

Nonetheless, as explained in a recent Eastern District case, "[c]ourts in this circuit are hesitant to dispose of cases at the dismissal stage on grounds of res judicata." *J. M. Smith Corp. v. Ciolino Pharmacy Wholesale Distribs., LLC.*, No. 14-2580, 2015 WL 2383841, at *3 (E.D. La. May 19, 2015) (citing *Test Masters*, 428 F.3d at 570 n. 2). Further, unless the complaint sets forth the facts that are necessary to determine that *res judicata* precludes adjudication, summary judgment is the proper vehicle for determining whether a claim should be dismissed based on the principles of *res judicata*. *Pike,* 157 F. Supp. 3d at 530 (citing *Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 648 (S.D. Tex. 2012) *aff'd*, 527 F. App'x 278 (5th Cir. 2013) (citing *Hall*, 305 F. App'x at 227).

In this case, "the general rule that prohibits *res judicata* from being brought on a motion to dismiss is a threshold issue to be addressed first because the Court must determine whether the

10

Defendants' motion to dismiss is properly before the Court." *Pike*, 157 F. Supp. 3d at 531 (citing *Quinn v. LM Ins. Co.*, No. 5:07-CV-217, 2009 WL 884770, at *2 (S.D. Miss. Mar. 30, 2009) ("The defendant's [*res judicata*] motion [to dismiss] is . . . not properly before the Court and shall be denied."); *Bernard*, 2013 WL 6662513, at *7—8 (denying dismissal on the grounds of *res judicata* because no exception to the general rule was met). Thus, for Defendants' *res judicata* argument to be properly before the Court, the elements of *res judicata* must be apparent on the face of the pleading.

When determining the preclusive effect of a state court judgment, federal courts apply the preclusion law of the state that rendered the earlier judgment. *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir.2011) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)); *see also* 28 U.S.C. § 1738. Here, because the judgment at issue is from a Louisiana state court, Louisiana preclusion law applies.

The doctrine of *res judicata* in Louisiana is set forth in Louisiana Revised Statute § 13:4231, and it states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

11

Based on the above statutory language, the Louisiana Supreme Court "has established the following five elements that *must* be satisfied for a finding that a second action is precluded by res judicata." *Chevron U.S.A., Inc. v. State,* 2007–2469, p. 10 (La. 9/8/08); 993 So.2d 187, 194 (emphasis added). These elements are: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02–1385, p. 7 (La. 2/25/03); 843 So.2d 1049, 1053; *Chevron*, 993 So.2d at 194.

The chief inquiry involved in determining whether *res judicata* applies is "whether the second action asserts a cause of action which arises out of the same transaction or occurrence that was the subject matter of the first action." *Burguieres*, 843 So.2d at 1053. What constitutes the transaction or occurrence is to be determined on a case-by-case basis. *Hy–Octane Invs., Ltd. v. G & B Oil Prods.*, Inc. 97–28 (La. App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060. All events that are logically related that entitle a person to "institute legal action against another generally are regarded as comprising a 'transaction or occurrence.' " *Id*. at 1060 (*citing Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143 (6th Cir. 1969)).

The Court notes that the Louisiana Supreme Court has emphasized that "[t]he doctrine of res judicata cannot be invoked unless all its essential elements are present ... and each necessary element must be established beyond all question." *Kelty v. Brumfield,* 633 So.2d 1210, 1215 (La.1994) (*citing Hancock v. Lincoln Am. Life Ins. Co.*, 278 So.2d 561 (La.App. 1st Cir. 1973)). The doctrine of *res judicata* is interpreted *stricti juris,* and any doubt concerning application of the principle of *res judicata* must be resolved against its application. *Siemens,* 130 So.3d at 473;

12

*Domingue ex rel. Domingue v. Allied Disc. Tire & Brake, Inc.*, 2002-1338, p. 5 (La. App. 1 Cir.); 849 So.2d 690, 695, *writ denied*, 03-1605 (La. 10/3/03); 855 So.2d 320 ("The doctrine of *res judicata* is *stricti juris* and should be rejected when doubt exists as to whether a party's substantive rights have actually been previously addressed and finally resolved."); *see also St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 437 (5th Cir.2000) ("When determining if res judicata applies, Louisiana courts have narrowly construed the doctrine's scope.... Any doubt as to compliance with the requirements of res judicata is to be resolved in favor of maintaining the second action."). Further, "the party urging res judicata has the burden of proving each essential element by a preponderance of the evidence." *St. Paul Mercury,* 224 F.3d at 437 (citing *Greer v. State,* 616 So.2d 811, 815 (1993)); *see also Kelty,* 633 So.2d at 1215.

The policies of *res judicata* are to increase judicial efficiency and to protect parties against unnecessary burdens of litigation arising from repeated lawsuits. La. Rev. Stat. 13:4231 cmt. a. Courts have noted that though denial of a *res judicata* exception will diminish judicial efficiency and increase litigation, "[t]hose harms are sometimes preferable to the loss of plaintiff's substantive rights without the merits being decided." *Fine v. Reg'l Transit Auth.*, 95-2603 (La. App. 4 Cir. 6/26/96); 676 So.2d 1134, 1137. (citing *Mavromatis v. Lou-Mar, Inc.*, 93-0379, 93-1212 (La. App. 4 Cir. 2/11/94); 632 So.2d 828). As the U.S. Fifth Circuit has recognized, the "'[p]rinciples of res judicata are not ironclad,' but must be applied to accomplish justice in the light of public policy." *Jackson v. Johns-Manville Sales Corp.*, 727 F.2d 506, 521 (5th Cir.1984) (quoting *Bogard v. Cook*, 586 F.2d 399, 408 (5th Cir. 1978), *cert. denied*, 444 U.S. 883, 100S. Ct. 173 (1979)).

In this case, the In & Out Suit arises from allegations that the Loss Damage Waivers and Environmental Charges contained in the Defendants' equipment rental contracts constitute a

breach of contract, are a violation of the duty of good faith and fair dealing, and violate Texas' and Florida's deceptive trade practices statutes. According to Plaintiff, the In & Out Suit allegedly concerns more than 76 transactions over a period six years in Alabama, Texas, and Florida. On the other hand, the Collection Suit arose from a breach of contract due to unpaid invoices owed by the Plaintiff from rental contracts that the Plaintiff and H&E Equipment Services, Inc. entered between June 10, 2015 and September 1, 2015. It concerns disputed transactions that occurred in Texas and Florida. The LDWs and Environmental Charges were expressly excluded from the Collection Suit and the legality of those two disputed charges were not litigated.  The offer of judgment in the Collection suit for $26,798.08 represented "the total of all invoices in the petition, less the loss damage waiver (physical damage waiver) and environmental fees." (Docs. 39-1 at 8; 32-6 at 4.) Applying the principles of Louisiana law outlined above to the facts of this case, the Court finds that Defendants have not clearly established that the In & Out Suit arises out of the same "transaction or occurrence" as the Collection Suit.

Applying the *Burguieres* factors to the facts of this case, the Court finds that Defendants have failed to establish that all necessary elements of *res judicata* have been satisfied. *See* 843 So.2d at 1053; *See* also 993 So.2d at 194.  Specifically, the Court finds that the fifth element under *Burguieres*, which mandates the cause or causes of action in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation, is not met here. This is particularly so in light of Plaintiff's representation that the instant case is far broader in scope and encompasses far more transactions than those at issue in the Collection Suit. Moreover, the Court notes that Plaintiff's complaint is one for class action relief, which in and of itself indicates that there are issues that do not arise out of the transaction or occurrence at issue in the Collection Suit, and that cannot be resolved by final adjudication of that case. (See Doc. 1.)

Because there is doubt concerning the compliance with *all* the essential requirements of *res judicata*, the Court is convinced that this issue should be resolved in favor of maintaining the instant action. One of the main goals of *res judicata* is to promote judicial economy and fairness and "accomplish justice in light of public policy." 727 F.2d at 521. Barring In & Out from asserting its claim in this case based on an application of *res judicata* would be grossly inequitable. In addition to the reasons stated above, the Court notes that in the accepted offer of judgment upon which Defendants rest their motion, Defendants *agreed* that Plaintiff preserved the very claims Defendants are now seeking to exclude. To reward Defendants with dismissal for this attempted procedural sleight of hand would fly in the face of both the letter and spirit of the requirements of res judicata.

After careful consideration of the law, facts, and arguments of the parties, the Court finds that the elements essential for the application of *res judicata* are not apparent on the face of the pleadings. Because Defendant has not established the presence of an essential element, Plaintiff's claim is not barred by *res judicata.* Therefore, the Defendants' motion must be denied.

### III.    Conclusion

Accordingly, **IT IS ORDERED** that Motion for Dismissal is **DENIED**;

Signed in Baton Rouge, Louisiana, on March 15, 2017.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**