UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN & OUT WELDERS, INC.                         CIVIL ACTION

VERSUS
                                                NO. 16-86-JWD-RLB
H & E EQUIPMENT SERVICES, INC.,
ET AL.

## ORDER

Before the Court is Defendants' Motion to Compel (R. Doc. 72) filed on October 30, 2017. The motion is opposed. (R. Doc. 76). Defendants have filed a Supplemental Memorandum (R. Doc. 77) and a Reply (R. Doc. 80).

## I.   Background

On October 5, 2015, In & Out Welders, Inc. ("Plaintiff") brought this class action lawsuit against H&E Equipment Services, Inc. and H&E Equipment Exchange, LLC (collectively, "Defendants" or "H&E") claiming that certain Loss Damage Waivers and Environmental Charges contained in the Defendants' equipment rental contracts constitute a breach of contract, are a violation of the duty of good faith and fair dealing, and violate Florida's Deceptive and Unfair Trade Practices Act. Fla. Stat. § 501.201, *et seq*. ("FDUTPA") and Texas's Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.50 ("TDTPA"). (R. Doc. 1 at 3). Plaintiff alleges that the Loss Damage Waivers and Environmental Charges are included on pre-printed contracts, and that Defendants misrepresent the nature and purpose of these fees, which Plaintiff asserts are solely included to raise profits. (R. Doc. 1 at 2-3, 10-11).

The parties are currently engaged in discovery regarding class certification issues. (R. Doc. 60; R. Doc. 83).

On September 1, 2017, Defendants propounded fourteen interrogatories and twelve requests for production on Plaintiff. (R. Doc. 72-2). Plaintiff provided timely responses. (R. Doc. 72-3; R. Doc. 72-4).

On October 5, 2017, defense counsel requested supplemental responses to Interrogatory Nos. 1, 2, 3, 4, 8, 10, 11, 12, and 13, and Request for Production Nos. 3, 4, 6, and 7. (R. Doc. 72-5).

On October 17, 2017, Plaintiff's counsel responded by stating that information sought regarding "Plaintiff's business dealings with other rental companies" in Interrogatory Nos. 1, 2, 3, 4, and 11, and Request for Production Nos. 6 and 7 is irrelevant. (R. Doc. 72-6 at 1). Plaintiff's counsel clarified Plaintiff's response to Interrogatory No. 8, and asserted that responses to Interrogatory Nos. 10, 12, and 13 are not appropriate at this time in the litigation. (R. Doc. 72-6 at 2). Finally, Plaintiff's counsel stated that Plaintiff continues to search for documents responsive to Request for Production Nos. 3 and 4. (R. Doc. 72-6 at 2).

On October 19, 2017, defense counsel provided additional information and legal positions in support of Defendants' request for supplemental responses, acknowledging that the parties had reached an impasse on Interrogatory Nos. 10, 12, and 13. (R. Doc. 72-6 at 1).

On October 30, 2017, the parties held a telephone conference on the foregoing discovery issues, but were unable to resolve the issues without court intervention. (R. Doc. 72-1).

Through the instant motion, Defendants seek an order requiring Plaintiff to provide supplemental responses to Interrogatory Nos. 1, 2, 3, 4, 10, 11, 12, and 13, and Request for Production Nos. 3, 4, 6, and 7. (R. Doc. 72).[1] In their Supplemental Memorandum, Defendants

---

[1] The instant motion appears to be filed solely on behalf of H&E Equipment Services, Inc. (R. Doc. 72). Because the discovery requests at issue were propounded by both defendants, the Court will address the motion as if filed on behalf of both defendants.

represent that after the filing of the instant motion, Plaintiff confirmed that all documents responsive to Request for Production Nos. 3 and 4 located after a reasonable search have been produced. (R. Doc. 77). Accordingly, the only remaining discovery requests at issue are Interrogatory Nos. 1, 2, 3, 4, 10, 11, 12, and 13, and Request for Production Nos. 6 and 7.

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific

demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.    Analysis**

    **1.    Plaintiff's Third-Party Rentals – Interrogatory Nos. 1, 2, 3, 4, and 11, and Request for Production Nos. 6 and 7**

Defendants seek supplemental responses to various discovery requests seeking information on Plaintiff's equipment rental history and related payments, negotiations, disputes, and refunds regarding Loss Damage Waivers and/or Environmental Charges (or related fees). (R. Doc. 72-1 at 4-8). Plaintiff objected to these discovery requests on the basis that they seek irrelevant information concerning rentals other than those between the parties. Defendants' discovery requests, and Plaintiff's responses, are as follows:

> **INTERROGATORY NO. 1:**
> Please identify each person or entity from whom You have rented equipment during the period from 2009 to present.
>
> **RESPONSE TO INTERROGATORY NO. 1:**
> Plaintiff objects to this interrogatory because it seeks information not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, and as to H&E, Plaintiff states that it rented equipment from H&E from 2013 to 2016.

**INTERROGATORY NO. 2:**
For each of the companies identified in Response to Interrogatory No. 1, please state whether You paid any charge related to (1) a full or partial waiver of liability for loss or damage to the equipment (sometimes called Loss Damage Waiver or Physical Damage Waiver or Rental Protection) and/or (2) environmental charges or fees, and if so, state the date and amount of each charge.

**RESPONSE TO INTERROGATORY NO. 2:**
Plaintiff objects to this interrogatory because it seeks information not relevant to the objections, and as to H&E only, Plaintiff states that it paid Loss Damage Waiver or Physical Damage Waiver charges and environmental charges or fees to H&E. H&E is in possession of date and amounts of these charges. To the extent that In & Out possesses documents identifying transactions with H&E, it will produce them.

**INTERROGATORY NO. 3:**
For each of the companies identified in Response to Interrogatory No. 1, please state whether you ever negotiated or requested a change to any provision contained in the company's form rental contract.

**RESPONSE TO INTERROGATORY NO. 3:**
Plaintiff objects to this interrogatory because it seeks information not relevant to the issues raised in this lawsuit and not reasonable calculated to lead to the discovery of admissible evidence. Subject to said objections, and as to H&E only, Plaintiff states that it has never negotiated or requested that H&E change its form rental contract.

**INTERROGATORY NO. 4:**
Please state whether You have ever complained or disputed any charge imposed by any of the companies identified in Response to Interrogatory No. 1, and if so, for each instance, identify the company or companies, state the nature of the complaint, and state when it was made.

**RESPONSE TO INTERROGATORY NO. 4:**
Plaintiff objects to this interrogatory because it seeks information not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, and as to H&E only, Plaintiff states that it has complained or disputed numerous charges imposed by H&E. While Plaintiff is unaware of each time it complained or disputed a charge by H&E, it has disputed H&E Loss Damage Waiver charges, Environmental Charges, and pick-up/delivery charges.

**INTERROGATORY NO. 11:**
Please state whether You ever obtained a refund or waiver of any charge related to (1) a full or partial waiver of liability for loss or damage to the equipment (sometimes called Loss Damage Waiver or Physical Damage Waiver or Rental

Protection) and/or (2) environmental charges or fees, whether from H&E or any other person or entity from whom You have rented equipment.

**RESPONSE TO INTERROGATORY NO. 11:**
Plaintiff objects to this interrogatory because it seeks information not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the clause of this interrogatory referring to "full or partial waiver of liability for loss or damage to equipment" as confusing. Subject to said objections, and as to H&E only, the documents reflecting any such refund or waiver of charges are in H&E's possession. With respect to transactions with H&E, Plaintiff is unaware of ever receiving a refund or waiver of any charge related to (1) a full or partial waiver of liability for loss or damage to the equipment (sometimes called Loss Damage Waiver or Physical Damage Waiver or Rental Protection) and/or (2) environmental charges or fees.

**REQUEST FOR PRODUCTION NO. 6:**
Please produce any and all documents related to any occurrence or event in which a piece of equipment rented by In & Out (whether from H&E or some other person or entity) was lost, damaged or stolen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
Plaintiff objects to this interrogatory because it seeks information not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, and as to H&E only, see attached.

**REQUEST FOR PRODUCTION NO. 7:**
Please produce any and all documents in your possession relating to (1) any charge imposed for a full or partial waiver of liability for loss or damage to the equipment (sometimes called Loss Damage Waiver or Physical Damage Waiver or Rental Protection) and/or (2) environmental charges or fees, whether charged by H&E or any person or entity from whom You have rented equipment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
Plaintiff objects to this interrogatory because it seeks information not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the clause of this interrogatory referring to "full or partial waiver of liability for loss or damage to equipment" as confusing. Subject to said objections, and as to H&E only, see attached documents.

As an initial issue, Plaintiff argues in its opposition that the foregoing discovery requests are "overly broad" and that producing responsive documents would be "unduly burdensome."

(R. Doc. 76-1 at 3-5). These objections are waived because Plaintiff did not timely raise them in its actual responses. *See* Fed. R. Civ. P. 33(b)(4); *see also In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the sole objection raised by Plaintiff in its responses is that the foregoing discovery requests seek irrelevant information regarding third-party rentals by Plaintiff.

Defendants highlight Plaintiff's FDUTPA claim in support of their position that information regarding third-party rentals is relevant. (R. Doc. 72-1 at 4-8). To state a claim under the FDUTPA, "a plaintiff must show: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Deere Constr., LLC v. CEMEX Constr. Materials Florida, LLC*, No. 15-24375, 2016 WL 8542540, at *2 (S.D. Fla. Dec. 1, 2016) (citing *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016)). "A deceptive act or unfair practice is one that is "likely to deceive a consumer acting reasonably in the same circumstances." *Deere Constr.*, 2016 WL 8542540, at *2 (quoting *Carriuolo*, 823 F.3d at 983-84). "The test is an objective one and does not require a plaintiff show actual reliance on the deceptive or unfair representation or omission." *Deere Constr.*, 2016 WL 8542540, at *2. "While proof of actual reliance is unnecessary, the first element of a FDUTPA claim is only satisfied by evaluating a reasonable consumer in the same circumstances as the plaintiff." *Id*. at *3. "The modification of 'acting reasonably' by 'in the same circumstances' indicates a hybrid standard that may be objectively

established as to mindset but subjectively established as to context." *Id.* (quoting *In re Motions to Certify Classes Against Court Reporting Firms for Charges Relating to Word Indices*, 715 F. Supp. 2d 1265, 1282 (S.D. Fla. 2010)).

There is no dispute between the parties that Plaintiff's previous interactions with Defendants regarding the Loss Damage Waivers and Environmental Charges at issue, including whether and to what extent such charges were negotiated, are relevant to Plaintiff's FDUTPA claim. *See Deere Constr.*, 2016 WL 8542540, at *3. Defendants argue, however, that Plaintiff's dealings with other business entities regarding similar charges are also relevant to Plaintiff's FDUTPA claim.

In *Deere Construction*, the Court concluded that the plaintiff's claim that certain fees were unfair or deceptive under FDUTPA was inappropriate for class treatment in part because of the varying circumstances regarding the purported plaintiffs' interactions with the defendant. *See Deere Constr.*, 2016 WL 8542540, at *2-4. In reaching this conclusion, the Court considered various affidavits from plaintiffs in the purported class, including one stating, as paraphrased by the court, that "(1) invoice items for fuel and environmental charges are common in the industry; (2) the customer understood that [the defendant] intended to make a profit on the charges regardless of whether the entry is invoiced as fuel, environmental, or otherwise; (3) the customer does not expect [the defendant] to disclose its costs to customers; and (4) [the defendant] never represented to this customer the fuel surcharges or environmental charges were simply pass through charges." *Id*. at *4 (citations and internal punctuation omitted). The court went on to state that "[t]aken together, these statements suggest the customer knew or reasonably believed the fees served some profit motive and were not directly related to any fuel or environmental costs [the defendant] might actual incur." *Id*. The court concluded, without reaching the merits,

8

that "[t]he mere possibility some customers in certain situations and in possession of certain information could have reasonably understood [the defendant's] fees were not related to its actual costs undercuts [the plaintiff's] theory from a class-certification perspective." *Id*.

While the *Deere Construction* court focused primarily on the purported class members' interactions with the actual defendant, it did consider the purported class members' understanding of whether the charges at issue were common in the industry. It also considered the reasonable beliefs and expectations of the customers, which could be developed based on their experiences with others in the industry. Accordingly, *Deere Construction* stands for the proposition that relevant to certification of the FDUTPA class in this case is the purported class members' understanding of whether Loss Damage Waivers and Environmental Charges similar to those charged by Defendants are common in the industry. *See also In re Motions to Certify Classes Against Court Reporting Firms for Charges Relating to Word Indices*, 715 F. Supp. 2d 1265, 1277-84 (S.D. Fla. 2010) (considering the individual experiences and sophistication of putative class members in determining whether class treatment of FDUTPA claim was appropriate).

Defendants' discovery requests seek information regarding the Plaintiff's specific interactions and negotiations with third parties rental companies. Given the FDUTPA claims, information regarding Plaintiff's interactions with third-party rental companies regarding similar fees (as well as the purported class members' interactions with third-party rental companies) is relevant for determining class certification. Such information bears upon the purported class members' understanding of whether charges similar to the Loss Damage Waivers and Environmental Charges are common in the industry. The proposition that the varying degrees to which purported class members perceived the commonality of the charges at issue is relevant for

9

determining whether a proposed class is adequately defined. The information sought in the Defendants' Interrogatory Nos. 1, 2, 3, 4, and 11, and Requests for Production Nos. 6 and 7 is relevant to determining Plaintiff's experiences regarding the fees at issue, which, when compared with the experiences of putative class members, bears upon defining an appropriate class regarding the FDUTPA claim.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel is **GRANTED** with respect to Interrogatory Nos. 1, 2, 3, 4, and 11, and Requests for Production Nos. 6 and 7. Plaintiff must supplement its responses to these discovery requests within **14 days** of the date of this Order.

### 2. Plaintiff's Damages – Interrogatory No. 10

Defendants seek a supplemental response to Interrogatory No. 10, which seeks a description of Plaintiff's specific damages. (R. Doc. 72-1 at 9-10). Plaintiff objected to this interrogatory as premature on the basis that its expert has not had an opportunity to review produced documents. Defendants' interrogatory, and Plaintiff's response, are as follows:

> **INTERROGATORY NO. 10:**
> Please describe any and all damages claimed by In & Out in this action, including an itemization of each item of damages claimed.
>
> **RESPONSE TO INTERROGATORY NO. 10:**
> Plaintiff objects to this interrogatory for itemized damages as premature at this state and will be determined after expert review of relevant documents to be produced by H&E. Subject to that objection, Plaintiff, on behalf of itself and each member of the putative classes, seeks compensatory damages, treble damages, attorney's fees, injunctive relief, restitution, and all other available relief.

Plaintiff admits that Interrogatory No. 10 "seeks facts support a contention" that related to class certification. (R. Doc. 76-1 at 5).

Contrary to Plaintiff's assertions, itemization of each of the categories of damages asserted in response to Interrogatory No. 10 is warranted at this time. Indeed, pursuant to Rule

10

26(a)(1)(A)(iii), except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the Court, a party has a duty to disclose "a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii). The Court ordered such disclosures to be made by June 1, 2017. (R. Doc. 60). Plaintiff has a continuing duty to supplement its initial disclosures. Fed. R. Civ. P. 26(e). Accordingly, the Court will require Plaintiff to respond in full to the instant interrogatory to the best of its ability given the information currently in its possession, custody, or control. Plaintiff may then supplement its response further, as necessary, as additional information is obtained, including any expert testimony.

**IT IS ORDERED** that Defendants' Motion to Compel is **GRANTED** with respect to Interrogatory No. 10. Plaintiff must supplement its response to this interrogatory within **14 days** of the date of this Order.

### 3. Plaintiff's "Contention" Interrogatories – Interrogatory Nos. 12 and 13

Defendants seek supplemental responses to two interrogatories seeking identification of certain facts to support allegations in Plaintiff's Complaint. (R. Doc. 72-1 at 9-12). Plaintiff objected to these interrogatories on the basis that they are premature "contention" interrogatories. Defendants' interrogatories, and Plaintiff's responses, are as follows:

> **INTERROGATORY NO. 12:**
> Please state all facts and identify all documents supporting Your allegation that "[e]ven when customers pay a [Loss Damage Waiver], they are generally required [by H&E] to claim any damages to equipment on their insurance."
>
> **RESPONSE TO INTERROGATORY NO. 12:**
> Plaintiff objects to this as a contention interrogatory that, if proper at all, should be answered after the completion of discovery, rather than during these early stages of the case.
>
> **INTERROGATORY NO. 13:**
> Please state all facts and identify all documents supporting Your allegations that "what H&E claims is 'acceptable' [proof of insurance] is excessive and arbitrary"

11

and H&E sets "arbitrary time and scope requirements" related to proof of insurance.

**RESPONSE TO INTERROGATORY NO. 13:**
Plaintiff objects to this contention interrogatory that, if proper at all, should be answered after the completion of discovery, rather than during these early stages of the case.

Contention interrogatories are specifically permitted by Rule 33, which provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Accordingly, an interrogatory may reasonably ask for the material or principal facts which support a contention, including those asserted in affirmative defenses. As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks "each and every" single fact upon which a party bases its case. *See*, *e.g.*, *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998). Courts have "tended toward a middle ground, requiring parties to explain the factual bases for their contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing of all of the evidence that will be offered." *Linde v. Arab Bank, PLC*, No. 04-2799, 2012 WL 957970 (E.D.N.Y. Mar. 21, 2012) (citing cases).

Rule 33 further provides that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). By or soon after the close of discovery, a "defendant should be able to *generally explain* the factual basis for each of the denials and affirmative defenses pled in its . . . answer." *Barkley v. Life. Ins. Co. of North America*, No. 07-1498, 2008 WL 450138 (N.D. Tex. Feb. 19, 2008) (requiring answers to interrogatories seeking "the basis for each affirmative defense expressed in Defendant's Original Answer" after the close of discovery, but prior to the deadline to file dispositive motions).

It is within the court's discretion to determine the appropriate time for responding to a contention interrogatory. *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at * 3 (E.D. La. June 27, 2007) ("As to contention interrogatories of this sort, Rule 33(c) provides that 'the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.' This Rule is purely permissive. The court may-but is certainly not required to-delay a response."); *InternetAd Systems, LLC v. ESPN, Inc.*, No. 03-2787, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004) ("Although it is not necessarily objectionable and may even be advisable, the language of Rule 33(c) and the Advisory Committee note support the conclusion that it is within a court's discretion to decide when an otherwise-proper interrogatory must be answered.").

The Court finds it appropriate to require Plaintiff to answer Interrogatory Nos. 12 and 13 at this time with the following limitations. With regard to Interrogatory No. 12, Plaintiff must identify any documents in its possession, custody, or control indicating that Defendants have required Plaintiff to "claim any damages to equipment" on its insurance policies even where it has paid a Loss Damage Waiver. With regard to Interrogatory No. 13, Plaintiff must identify any documents in its possession, custody, or control indicating that Defendants' "acceptable" proof of insurance is "excessive and arbitrary," and that Defendants have set "arbitrary time and scope requirements" related to proof of insurance. To the extent necessary, Defendants may seek additional information identified in these interrogatories after a determination regarding class certification is made.

**IT IS ORDERED** that Defendants' Motion to Compel is **GRANTED IN PART** with respect to Interrogatory Nos. 12 and 13. Plaintiff must supplement its response to these interrogatories, as described above, within **14 days** of the date of this Order.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 72) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff must supplement its responses to Interrogatory Nos. 1, 2, 3, 4, 10, and 11, and Requests for Production Nos. 6 and 7, within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must supplement its response to Interrogatory Nos. 12 and 13, as detailed in the body of this Order, within **14 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on March 16, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**