# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN & OUT WELDERS, INC. | CIVIL ACTION |
| VERSUS | |
| H & E EQUIPMENT SERVICES, INC., ET AL. | NO. 16-86-JWD-RLB |

## ORDER

Before the Court is Plaintiff's Second Motion to Compel (R. Doc. 119) filed on June 1, 2018. The motion is opposed. (R. Doc. 125).

## I. Background

On October 5, 2015, In & Out Welders, Inc. ("Plaintiff" or "In & Out") brought this class action lawsuit against H&E Equipment Services, Inc. and H&E Equipment Exchange, LLC (collectively, "H&E") claiming that certain Loss Damage Waivers and Environmental Charges contained in the H&E's equipment rental contracts constitute a breach of contract, violate the duty of good faith and fair dealing, and violate Florida's Deceptive and Unfair Trade Practices Act. Fla. Stat. § 501.201, *et seq*. ("FDUTPA") and Texas's Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.50 ("TDTPA"). (R. Doc. 1 at 3). In & Out alleges that the Loss Damage Waivers (sometimes referred to as "LDW" by the parties) and Environmental Charges are included on pre-printed contracts, and that H&E misrepresent the nature and purpose of these fees, which In & Out asserts were solely included to raise profits. (R. Doc. 1 at 2-3, 10-11).

Plaintiff seeks an order requiring additional responses to Request for Production No. 2 and No. 5 of Plaintiff's Second Requests for Production, Interrogatory No. 6 of Plaintiff's First Interrogatories, and Requests for Production No. 3 and No. 5 of Plaintiff's Third Requests for Production. (R. Doc. 119).

On September 5, 2018, the Court denied Plaintiff's Motion for Leave to Amend Complaint, which sought to allege that H&E was involved in an illegal RICO enterprise with its third-party insurers EPG Insurance, Inc. ("EPG") and Glynn General Corporation ("Glynn") in which H&E marketed and resold its policies with EPG and Glynn to its customers as Loss Damage Waivers.

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific

demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B. Analysis

#### 1. Plaintiff's Second Request for Production No. 2

Plaintiff's Second Request for Production No. 2 seeks production of "all documents between [H&E] and any insurer (including but not limited to Travelers, EPG, and Glynn, as referenced by Kurt Sorenson) that in any way concern the insurance that [H&E] pay premiums on for insurance on equipment [H&E] rent and for which [H&E] charged a putative class member a Loss Damage Waiver (a/k/a Physical Damage Waiver)." (R. Doc. 119-2 at 5). H&E objected on various grounds, including irrelevance, over breadth, and undue burden, further indicating that "H&E has previously produced documents related to EPG and Glynn, and it is unclear what additional information is sought." (R. Doc. 119-2 at 5).

Plaintiff represents that the "only" documents produced by H&E responsive to this request are labeled "program administrative guides" between H&E and Glynn that "set out the way in which the LDW is paid by rental customers is calculated and how the LDW base costs (premiums) is paid to Glynn General Corporation." (R. Doc. 119-1 at 5). Plaintiff emphasizes that it is now seeking "communications and payments between H&E and their insurance

3

companies that insure the rental equipment when the rental equipment is in the possession of the rental customer (putative class)." (R. Doc. 119-1 at 5).

In opposition, H&E represents that it has produced responsive "policy guides, declarations pages and other policy documents pertaining to the policies H&E purchased from EPG and Glynn General that it located in its files" and that "H&E also produced documents showing all premium payments made for the policies." (R. Doc. 125 at 3-4). H&E further indicates that it produced 74 emails between H&E and its insurers, EPG and Glynn, that were obtained pursuant to certain ESI search protocols. (R. Doc. 125 at 4).

The Court finds the foregoing documents produced to be responsive to the discovery request and proportional to the needs of the case. Given the arguments raised by Plaintiff in support of its motion, it appears that Plaintiff is seeking further documentation to support its proposed RICO claims advanced in its proposed Amended Complaint. As stated above, the Court has denied Plaintiff's untimely motion to amend. The Court finds H&E's responses to be sufficient for the purposes of class certification on the claims and defenses in this action.

**2.     Plaintiff's Third Request for Production No. 5**

Plaintiff's Third Request for Production No. 5 seeks production of "all correspondence (including emails) between [H&E] and EPG or Glynn General regarding the LDW, including correspondence regarding payments and insurance policies." (R. Doc. 119-5 at 5). H&E objected on various grounds, including irrelevance, over breadth, and undue burden. (R. Doc. 119-5 at 5-6).

For the same reasons stated with regard to Plaintiff's Second Request for Production No. 2, the Court finds H&E's responses to be sufficient for the purposes of class certification on the claims and defenses in this action.

### 3. Plaintiff's Third Request for Production No. 3

Plaintiff's Third Request for Production No. 3 seeks production of "all Loss Damage Waiver Reports (similar to H&E's Rule 30(b)(6) deposition exhibit 14)." (R. Doc. 119-5 at 5). H&E objected on various grounds, including irrelevance, over breadth, and undue burden, but produced a document reflecting "all payments made to Glynn General and EPG from 3/31/10 to 12/31/17." (R. Doc. 119-5 at 5).

Notwithstanding the fact that the Court has denied Plaintiff leave to add a RICO claim, the instant request for production seeks information relevant to the claims in this action, namely, whether the LDWs are excessive and constitute unregulated insurance. The Court has reviewed an example of these reports filed under seal. (R. Doc. 122-1 at 4-5). The production of the two-page monthly reports will not result in an undue burden and is proportional to the needs of this case. Accordingly, the Court will require H&E to produce the documents sought pursuant to Plaintiff's Third Request for Production No. 3.

### 4. Plaintiff's Second Request for Production No. 5

Plaintiff's Second Request for Production No. 5 seeks production of "all documents between [H&E] and Billtrust or between [H&E] and CCS that in any way concerns the Fees or Related costs." (R. Doc. 119-2 at 7). H&E objected on various grounds, including irrelevance, over breadth, and undue burden, also indicating that "H&E further objects to this request pending a determination on Plaintiff's motion to compel." (R. Doc. 119-2 at 7).

In support of its motion, Plaintiff argues that Kurt Sorenson testified at a Rule 30(b)(6) deposition of H&E "that H&E emails[,] invoices and notices related to fees charged to a putative class member, including notice that a customer's certificate of insurance will lapse, through third party vendors BillTrust and CCS." (R. Doc. 119-1 at 6). Plaintiff argues that the information sought is relevant to rebut a potential argument by H&E "that each individual putative class

5

member entered into a separate and distinct contract with different terms and conditions and different notices received related to the contracts" and "to present affirmative evidence that the terms and conditions relating to the fees at issue in this litigation are common and the claims are typical." (R. Doc. 119-1 at 7).

H&E represents that it "contracts with Billtrust an CCS to mail invoices and form letters to customers informing them that their insurance certificate is about to expire" and that the "services provided by Billtrust and CCS are limited to printing and mailing." (R. Doc. 125 at 7). The Court denied a similar request for production based on H&E's representations at oral argument that these third-party vendors do not provide anything substantive to the documents they print and mail. (R. Doc. 105 at 18-19). For these same reasons, H&E need not produce any information responsive to the instant discovery request.

    **5.  Plaintiff's First Interrogatory No. 6**

Plaintiff's Interrogatory No. 6 requests "all facts and evidence [H&E] believe support each of the affirmative defenses [H&E] raise in [their] Answer." (R. Doc. 119-3 at 6). H&E objected on various grounds, including irrelevance, over breadth, undue burden, privilege, and cumulativeness "because the Affirmative Defenses set forth in H&E's Answer [were] included as Topic 12 in Plaintiff's Rule 30(b)(6) Deposition Notice." (R. Doc. 119-3 at 6-7).

Contention interrogatories are specifically permitted by Rule 33, which provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Accordingly, an interrogatory may reasonably ask for the material or principal facts which support a contention, including those asserted in affirmative defenses. As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks "each and every" single fact upon which a party bases its case. *See*, *e.g.*, *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316,

6

321 (D. Kan. 1998). Courts have "tended toward a middle ground, requiring parties to explain the factual bases for their contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing of all of the evidence that will be offered." *Linde v. Arab Bank, PLC*, No. 04-2799, 2012 WL 957970 (E.D.N.Y. Mar. 21, 2012) (citing cases).

Rule 33 further provides that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). By or soon after the close of discovery, a "defendant should be able to *generally explain* the factual basis for each of the denials and affirmative defenses pled in its . . . answer." *Barkley v. Life. Ins. Co. of North America*, No. 07-1498, 2008 WL 450138 (N.D. Tex. Feb. 19, 2008) (requiring answers to interrogatories seeking "the basis for each affirmative defense expressed in Defendant's Original Answer" after the close of discovery, but prior to the deadline to file dispositive motions).

It is within the court's discretion to determine the appropriate time for responding to a contention interrogatory. *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at * 3 (E.D. La. June 27, 2007) ("As to contention interrogatories of this sort, Rule 33(c) provides that 'the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.' This Rule is purely permissive. The court may-but is certainly not required to-delay a response."); *InternetAd Systems, LLC v. ESPN, Inc.*, No. 03-2787, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004) ("Although it is not necessarily objectionable and may even be advisable, the language of Rule 33(c) and the Advisory Committee note support the conclusion that it is within a court's discretion to decide when an otherwise-proper interrogatory must be answered.").

H&E has indicated that Plaintiff noticed H&E's affirmative defenses as a topic for its Rule 30(b)(6) deposition. Plaintiff has not indicated how the testimony obtained was

7

insufficient.  Considering that this action remains at the class certification stage, and Plaintiff's interrogatory sweeps too broadly without any attempt at reasonable limitations, the Court will not require H&E to respond to this interrogatory at this time.  To the extent necessary, Plaintiff may seek information identified in this interrogatory after a determination regarding class certification is made.

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Second Motion to Compel (R. Doc. 119) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that H&E must supplement their responses to Plaintiff's Third Request for Production No. 3, as detailed within the body of this Order, within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on September 5, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**